UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (Chambers:) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

**I.   INTRODUCTION**

On April 21, 2009, plaintiffs Michael Dizon and Pamela Dizon filed the instant action against California Empire Bancorp, Inc.; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Countrywide Home Loans, Inc. ("Countrywide"); and Does 1 through XX in Los Angeles County Superior Court for claims arising from the foreclosure of their principal residence, located at 3023 Merrygrove Street, West Covina, California.  Compl. ¶ 1.  Plaintiffs allege claims for (1) violation of Cal. Civ. Code § 2923.6; (2) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3) breach of the covenant of good faith and fair dealing; (4) injunctive relief; (5) violation of Cal. Civ. Code § 1572; (6) fraud; (7) declaratory relief; (8) intentional misrepresentation; and (9) to set aside foreclosure.

On August 10, 2009, defendant MERS removed this case to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Notice of Removal ¶ 4.  Id. ¶ 8.

**II.   DISCUSSION**

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint.  Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983).   Invoking a federal issue or provision is not "a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

MERS contends that the Court has jurisdiction over the case because "claims in the complaint are founded upon" violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. Notice of Removal ¶¶ 3-4. Specifically, MERS cite to the only two paragraphs in plaintiffs complaint that reference these two federal statutes. Id. First, in their general allegation section, plaintiffs allege that California Empire Bancorp, Inc. failed to disclose certain information on the "TILA Disclosure as required by RESPA."[1] Compl. ¶ 17. Second, plaintiffs allege, as to their UCL claim, that all defendants' conduct "threatens an incipient violation of a consumer law, including but not limited to, TILA, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition." Id. ¶ 109.

Notwithstanding MERs' assertion that a federal question exists, it does not appear

---

[1] It appears that this defendant has not yet been served summons or the complaint and has not joined in the removal. See Notice of Removal Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

that the state claims necessarily depend on federal law.[2] Without a showing that plaintiffs invoked a federal claim or that plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Defendant MERS is hereby ORDERED to SHOW CAUSE on or before October 15, 2009, why the instant action should not be remanded for lack of subject matter jurisdiction.

On its own motion, the Court continues defendants MERS' and Countrywide's Motion to Dismiss and Expunge the Lis Pendens currently noticed for hearing on October 5, 2009 to November 9, 2009 at 10:00 am, to enable defendants to respond to this Court's Order to Show cause as to whether or not this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Pursuant to L.R. 7-9, plaintiffs shall file an Opposition Brief on or before October 26, 2009.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[2] "[T]he Ninth Circuit has made clear that a claim supported by alternative theories in the complaint may not be characterized as 'necessarily federal' unless the federal law question is essential to each of those theories." T & E Pastorino Nursery v. Duke Energy Trading & Marketing LLC, 268 F.Supp.2d 1240, 1248 (S.D. Cal.2003) (citing Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996)); see also Mangini v. R.J. Reynold Tobacco Co., 793 F.Supp. 925, 927-28 (N.D.Cal.1992) (noting that UCL allegations predicated in part on Federal Cigarette Labeling and Advertising Act did not confer jurisdiction).