UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Benjamin Allen | |

**Proceedings:** **DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT AND EXPUNGE THE LIS PENDENS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT** (filed 08/17/09)

**I.    INTRODUCTION**

On April 21, 2009, plaintiffs Michael Dizon and Pamela Dizon filed the instant action against California Empire Bancorp, Inc. ("CEB"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Countrywide Home Loans, Inc. ("Countrywide"); and Does 1 through XX in Los Angeles County Superior Court for claims: (1) violation of Cal. Civ. Code § 2923.6; (2) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3) injunctive relief; (4) violation of Cal. Civ. Code § 1572; (5) fraud; (6) declaratory relief; (7) intentional misrepresentation; and (8) to set aside foreclosure.

On August 10, 2009, defendants MERS and Countrywide timely removed this case on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. On September 30, 2009, the Court issued an Order to Show Cause as to why the action should not be remanded for lack of subject matter jurisdiction. On October 15, 2009, defendants MERS and Countrywide filed a response to the Court's Order to Show Cause, alleging that plaintiffs' complaint alleges violations of TILA and RESPA. On October 27, 2009, the court discharged its order to show cause as to why the action should not be remanded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

for lack of subject matter jurisdiction.

On August 17, 2009, defendants MERS and Countrywide filed a motion to dismiss the complaint and a request for judicial notice in support of the motion to dismiss. On October 26, 2009, plaintiffs failed to file an opposition. On October 29, 2009, MERS and Countrywide filed a notice of plaintiffs' failure to oppose the pending motions. A hearing was held on November 9, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.  BACKGROUND**

On August 28, 2007, plaintiffs obtained a mortgage (the "Subject Loan") with CEB secured by a deed of trust on their primary residence, located at 3023 Merrygrove St., West Covina, California 91792 (the "Subject Property").[1]  Compl. ¶ 7.

Plaintiffs allege that "after [CEB] caused [MERS] to go on title as the 'Nominee Beneficiary' this is routinely done in order to hide the true identity of the successive Beneficiaries when and as the loan was sold.  MERS, however, acted as if they were the actual beneficiary although a Nominee is an entity in whose name a security is registered

---

[1] A deed of trust was executed on August 28, 2007, to secure the promissory note. Compl., Ex. A at 48.  The deed of trust named the following parties: Michael and Pamela Dizon (Borrowers); CEB (Lender); North American Title Company (Trustee); and MERS (Nominee for Lender).  Id.  Defendants request that the Court take judicial notice of three filings with the Court: (1) No. 20090257255 Notice of Default to Plaintiff by ReconTrust Company, N.A. ("Recon"); (2) No. 20090817276 Substitution of Trustee; (3) No. 20080817277 (Notice of Trustee's Sale sent to Plaintiff by Recon. Defs. Req. for Judicial Notice ("Defs. RJN").  Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).  A document not physically attached to the complaint may be considered by the Court on a Rule 12(b)(6) motion if the complaint refers to such document, the document is central to plaintiff's claims, and there is no question concerning the authenticity of the document.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  The Court GRANTS defendants' request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

through true ownership is held by another party, in other words MERS is not the Beneficiary but is used to hide the true identity of the Beneficiary." Id. ¶ 8. "Based on this [alleged] failure to disclose MERS claimed role and the lack of consideration paid by MERS, plaintiffs allege that the Deed of Trust were [sic] never perfected and are [sic] a nullity as the MERS recording separates the Debt from the Lien, and this is more so especially upon a sale of the Note and Trust Deed." Id. Thereafter, plaintiffs allege they received a notice of breach that stated "Plaintiffs as Trustor, to secure certain obligations in favor of COUNTRYWIDE HOME LOAN, as beneficiary."[2] Id. ¶ 143.

## III. LEGAL STANDARD

### A.   12(b)(6) Motion To Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true

---

[2] Defendants assert that Countrywide is "the subsequent servicer of Plaintiffs' home loan[.]" (referencing Compl. Ex. A, at 66 "Notice of Intent to Accelerate," which names Countrywide as the Subject Loan's servicer). Mot. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Motion For More Definite Statement

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

## IV. DISCUSSION

Defendants MERS and Countrywide move to dismiss plaintiffs' complaint for failure to state a claim for relief, and to expunge the Lis Pendens. Alternatively, MERS and Countrywide move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

### A. 12(b)(6) Motion to Dismiss

#### 1. Plaintiffs' Alleged TILA Violations

Although plaintiffs' claims appear to allege state law claims, they include allegations that all defendants violated TILA by failing to disclose material terms of the loan. Compl. ¶ 109. MERS and Countrywide contend that plaintiffs' TILA claim is barred by a one-year statute of limitations. Mot. at 11-12.

Insofar as plaintiffs allege a TILA claim for damages, the Court finds that plaintiffs' claim is barred by a one-year statute of limitations. See 15 U.S.C. 1640(e). Plaintiffs' TILA claim arose upon the consummation of loan documents executed on or about August 28, 2007. The statute of limitations on plaintiffs' claim for damages would thus have expired on August 28, 2008. Here, plaintiffs did not file this action until April 21, 2009. Thus, the claim is time-barred, unless the doctrine of equitable tolling applies. See King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986).

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id. at 914-15. District courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and "to adjust the limitations period accordingly." Id. at 915. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995). However, when a plaintiff does not allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003) (dismissing TILA claim and equitable tolling of the claim because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations).

Here, plaintiffs fail to allege that defendants concealed any material facts that would have prevented them from discovering any potential TILA claims. As such, the Court finds that plaintiffs have failed to plead sufficient facts to demonstrate that they could not have discovered the alleged violations by exercising due diligence, and thereby would be entitled to equitable tolling of their TILA damages claim. See Meyer, 342 F.3d at 902-03. In any event, plaintiffs' failure to file an opposition may be deemed consent to the granting of the motion pursuant to Local Rule 7-12. Accordingly, the Court concludes that dismissal of plaintiffs' TILA claim for damages is appropriate.

### 2. Plaintiffs' Alleged Violation of RESPA

Plaintiffs' claims may be construed as making allegations that all defendants violated RESPA by engaging in a scheme of illegal kick-backs and commissions. Compl. ¶ 161. Plaintiffs further allege that defendants violated RESPA by failing to provide required disclosures. Id.

RESPA creates a private right of action to redress three types of wrongful acts: (1) payment of a kickback or unearned fees (12 U.S.C. § 2607); (2) requiring a buyer to use a title insurer selected by the seller (12 U.S.C. § 2608); and (3) failure by a loan servicer to give proper notice of a transfer of servicing rights (12 U.S.C. § 2605); see also Connors v. Home Loan Corp., 2008 WL 5214124, at *3 (S.D.Cal. Dec. 11, 2008). A RESPA claim must be brought "within 3 years in the case of a violation of section 2605" and within "1 year in the case of a violation of section 2607 or 2608." 12 U.S.C. § 2614.

Insofar as plaintiffs allege that MERS and Countrywide violated Section 2607 by engaging in a scheme of illegal kick-backs and commissions, the Court finds that plaintiffs' claim is deficient for failure to allege that MERS and Countrywide were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

involved in the origination of the Subject Loan. See Edejer v. DHI Mortgage Co., 2009 WL 1684714, at *6 (N.D. Cal. June 12, 2009) (finding that dismissal of plaintiffs' RESPA claim was appropriate because plaintiffs failed to allege any facts suggesting that defendants were the originator of the loan).

Additionally, insofar as plaintiffs allege that all defendants violated RESPA by failing to provide required disclosures, pursuant to Section 2605, the Court finds that plaintiffs' claim is deficient because it fails to allege that the servicing rights for the Subject Loan were transferred. Under Section 2605, a servicer is only required to provide notice to the borrower upon the transfer of the servicing obligation. Here, plaintiffs' failure to allege that there was any subsequent transfer of servicing duties causes the claim to fail.[3]

For these reasons, the Court finds dismissal of plaintiffs' RESPA claim is appropriate. In the alternative, plaintiffs' failure to file an opposition may be deemed consent to the granting of the motion pursuant to Local Rule 7-12.

### 3.    Plaintiffs' First Claim for Violation of Cal. Civ Code § 2923.6

MERS and Countrywide contend that plaintiffs' first claim is premised on a misinterpretation of Cal. Civ. Code § 2923.6 that servicers of loans are required to provide loan modifications. Mot. at 6-7. MERS and Countrywide further contend that Cal. Civ. Code § 2923.6 does not provide a private right of action. Id.

Plaintiffs allege that Cal. Civ. Code § 2923.6 requires "servicers to accept loan modifications with borrowers." Compl. ¶ 93. However, the Court finds that the

---

[3] As to other disclosure provisions of RESPA, courts have refused to infer a private right of action. See Brittain v. IndyMac Bank, FSB, No. C-09-2953 SC, 2009 WL 2997394, *2 (N.D. Cal. Sept. 16, 2009) (finding that there is no implied private right of action for violations of sections 2603 or 2604); see also Currey v. Homecomings Fin., LLC, No. 09-0276, 2009 WL 1227010, *6 (N.D. Cal. May 1, 2009) (finding no private right of action exists under sections 2603 or 2604). Thus, insofar as plaintiffs attempt to plead that defendants violated RESPA by failing to provide disclosures required by Sections 2603 or 2604, their RESPA claim fails as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

legislative history, intent, and plain language of Cal. Civ. Code § 2923.6 makes it clear that servicers are not obligated to offer loan modifications to borrowers. See Farner v. Countrywide Home Loans, Inc., 2009 WL 189025, at *2 (S.D. Cal. Jan. 29, 2009) (holding that Cal. Civ. Code § 2923.6 does not impose a duty on servicers of loans to modify the terms of the loans or create a private right of action for borrowers). The operative language in Senate Bill 1137 requires lenders to "assess the borrower's financial condition and explore options for the borrower to avoid foreclosure" at either the initial contact or the subsequent meeting, and does not mandate that lenders or servicers provide borrowers with loan modifications. Cal. Civ. Code § 2923.5(a)(2). As such, the statute provides that a loan servicer must "act in the best interest of all parties." Id. Moreover, the Court finds that Cal. Civ. Code § 2923.6 does not provide for a private cause of action. See Farner, 2009 WL 189025, at *2.

For these reasons, the Court finds dismissal of plaintiffs' claim appropriate. In the alternative, plaintiffs' failure to file an opposition may be deemed consent to the granting of the motion pursuant to Local Rule 7-12.

### 4. Plaintiffs' Fifth Claim for Fraud Under Cal. Civ. Code § 1572, Sixth Claim for Common Law Fraud, and Eighth Claim for Intentional Misrepresentation

Plaintiffs allege that fraud was committed when they were induced by CEB into entering into the Subject Loan. Compl. ¶ 162. Plaintiffs further allege that "documents were not provided to the trustee that showed that CEB or MERS was the Beneficiary and entitled to payments." Id. ¶ 147. Plaintiffs further claim that fraud occurred because the assignment of the beneficiary was not recorded and the promissory note conveyed was non-negotiable. Id. ¶ 161. MERS and Countrywide contend that plaintiffs have failed to allege with specificity, any facts that would suggest MERS or Countrywide were involved in a fraud. Mot. at 18.

The Court finds that plaintiffs have not sufficiently alleged common law fraud or intentional misrepresentation. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); see also Lancaster Cmty Hosp. v. Antelope Valley Distr., 940 F.2d 397, 405 (9th Cir. 1991) (finding that the standard "requires a pleader of fraud to detail with particularity the time,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

place, and manner of each act of fraud, plus the role of each defendant in each scheme"). When a party pleads fraud against a corporation, as plaintiffs in this case, they already heightened pleading standard if further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."[4] Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991). The Court finds that plaintiffs have failed to identify with particularity the circumstance of the alleged fraud or false misrepresentation, including the name of the person who made the alleged misrepresentation and that person's authority to speak.

As to plaintiffs' fraud claim under Cal. Civ. Code § 1572, the Court finds that plaintiffs have not sufficiently alleged the elements of such a claim. Here, plaintiffs allege violation of Cal. Civ. Code § 1572 on the basis of defendants' alleged misrepresentations and failure to provide required disclosures. Compl. ¶ 131. Actual fraud, within the meaning of Cal. Civ. Code § 1572, consists of any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; (3) the suppression of that which is true, by one having knowledge or belief of the fact; (4) a promise made without any intention of performing it; or, (5) any other act fitted to deceive. When the plaintiff fails to allege with particularity the circumstances surrounding a Cal. Civ. Code § 1572 fraud claim, dismissal is appropriate. See Anaya v. Advisers Lending Group, 2009 WL 2424037, at *9 (E.D. Cal. Aug. 5, 2009).

---

[4] The requirement is relaxed where "the defendant must necessarily possess full information concerning the facts of the controversy," Bradley v. Hartford Acc. & Indem. Co., 30 Cal. App. 3d 818, 825 (1973), or "when the facts lie more in the knowledge of the opposite party[.]" Turner v. Milstein, 103 Cal. App. 2d 651, 658 (1951). However, relaxing the standard is inappropriate in this case because plaintiffs signed the loan document and dealt with a myriad of persons and entities, and therefore should be required to specify who made the allegedly fraudulent representations to them. See Akhavein v. Argent Mortg. Co., 2009 WL 2157522, at *3 (N.D. Cal. Jul. 18, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

For these reasons, the Court finds that dismissal of plaintiffs' fraud claim as to all defendants is appropriate. Alternatively, under Local Rule 7-12, plaintiffs' failure to file an opposition may be deemed consent to the granting of the motion.

### 5. Plaintiffs' Second Claim for Unfair Competition

MERS and Countrywide further contend that plaintiffs have failed to adequately specify the practices that were unfair, unlawful, or fraudulent. Mot. at 8-12. The Court finds that plaintiffs' UCL claim must fail because all the claims that could underlie a UCL claim must be dismissed. See Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 718 (2001). Furthermore, plaintiffs' claim is preempted by TILA. Nava v. VirtualBank, 2008 WL 2873496, at *7 (E.D. Cal. Jul. 16, 2008) ("for the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted."). In any event, plaintiffs' failure to file an opposition may be deemed consent to the granting of the motion pursuant to Local Rule 7-12. Thus, the Court concludes dismissal of plaintiffs' UCL appropriate.

### 6. Plaintiffs' Fourth Claim for Injunctive Relief

Plaintiffs seek an injunction ordering defendants "to provide the original note with the appropriate endorsements . . . [to] determine . . . who owns the right to receive payments[.] Compl. ¶ 127. However, an injunction is merely a remedy and is not a cause of action. Shamsian v. Atl. Richfield Co., 107 Cal. App. 4th 967, 984-85 (2003). A cause of action must exist before injunctive relief may be granted. Tasaranta v. Homecomings Financial, 2009 WL 3088335 *7 (S.D. Cal. Sept. 21, 2009) (finding that dismissal of plaintiffs' injunctive relief claim was appropriate because plaintiffs' claim that "defendants should be required to provide the original note and all subsequent notes with appropriate endorsements" was not a cause of action). Accordingly, the Court concludes that these allegations fail to state a claim against defendants upon which relief may be granted and finds that dismissal of plaintiffs' fourth claim is appropriate. In any event, plaintiffs' failure to file an opposition may be deemed consent to the granting of the motion pursuant to Local Rule 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

### 7.   Plaintiffs' Seventh Claim for Declaratory Relief

Plaintiffs seek to determine "the actual status and validity of the loan, deed of trust, nominated beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matter." Compl. ¶ 191. Defendants contend that declaratory relief is not appropriate because it would not assist in narrowing the issues before the Court, and that the Court should address the substantive claims that the declaratory relief is premised on. Mot. at 21.

Plaintiffs may be alleging that there exists a controversy as to who owns the Subject Property. However, it is not clear from the record whether the foreclosure sale has occurred, and whether if so, such sale could moot the claim for declaratory relief. Even though defendants fail to establish as a matter of law the absence of a claim for declaratory relief, the Court finds that plaintiffs' failure to file an opposition to the motion may be deemed consent to the granting of the motion pursuant to Local Rule 7-12. For this reason, the Court dismisses this claim.

### 8.   Plaintiffs' Ninth Claim to Set Aside Foreclosure

Plaintiffs do not allege that their property is threatened with foreclosure proceedings and defendants assert that the "foreclosure sale hasn't actually happened yet." Compl. ¶ 16; Mot. at 22. Accordingly, the Court does not find it necessary to address the merits of the claim to set aside foreclosure and therefore finds dismissal of the claim to set aside foreclosure appropriate.

### B.   Defendants' Motion For More Definite Statement

Because the Court dismisses all of plaintiffs' claims, it need not address defendants' alternative motion. Accordingly, the Court denies defendants' motion for more definite statement as moot.

### C.   Defendants' Request to Expunge the Lis Pendens

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5826 CAS (AGRx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | MICHAEL DIZON, ET AL. v. CALIFORNIA EMPIRE BANCORP, INC.; ET AL. | | |

Defendants contend that the lis pendens should be expunged because there will no longer be a pending action if and when the motion to dismiss is granted. Mot. at 25.

A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice. Kirkeby v. Superior Cout, 33 Cal. 4th 642 (2004) (quoting Urez Corp. v. Superior Court, 190 Cal. App. 3d 1141, 1144 (1987)). At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice. Cal. Code Civ. Proc. § 405.30. Further, the "court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Id., § 405.32.

Because the Court grants plaintiffs leave to amend, it is premature to expunge the lis pendens. Accordingly, the Court denies defendants' request to expunge the lis pendens without prejudice.

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS MERS' and Countrywide's motion to dismiss plaintiffs' complaint in its entirety with leave to amend. The Court DENIES MERS' and Countrywide's request to expunge the lis pendens without prejudice. Plaintiffs shall file an amended complaint curing the defect noted herein within thirty (30) days after the filing of this order. In the event that plaintiffs do not amend their complaint within thirty (30) days, the Court will consider whether it is appropriate to dismiss this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |